IN THE

# SUPREME· COURT OF TENNESSEE,

FOR THE

# WESTERN DIVISION.

JACKSON, APRIL TERM, 1891.

## SCRUGGS *v.* STATE.

*(Jackson.* April 11, 1891.)

1. ABDUCTION. *Facts that sustain verdict of guilty.*

The facts set out in the Court's opinion are held sufficient to support conviction for abducting female, without her parents' consent, for purposes of prostitution or concubinage.

2. SAME. *Proof of female's subsequent acts of illicit intercourse inadmissible.*

Upon trial of a defendant for abduction of a female, without her parents' consent, for purposes of prostitution and concubinage, it is not

6—6 P

competent to show, on defendant's behalf, where he admits sexual intercourse with the female, that she indulged in like acts with other men at a date subsequent to the abduction.

3. SAME. *Same. Court's language excluding such evidence not improper.*

And the Court's language is not erroneous, as being calculated to impress the jury that he believed the defendant guilty, when, in excluding such evidence, he said "that if the girl turned out to be a prostitute after she came back, the defendant could not avail himself of that fact if he had taken her off and debauched her prior thereto."

4. SAME. *Proof of misconduct of female's mother and sister inadmissible.*

It is not competent to prove on defendant's behalf, upon his trial for abduction, that the mother and sister of the abducted female had illegitimate children.

5. SAME. *Same. Court's language excluding this evidence held proper.*

The Court's language excluding this evidence is "entirely proper," viz.: "That is not competent, and would prove nothing; her mother and sister might have been base, lewd women, and yet this girl be entirely virtuous."

6. SAME. *Correct charge of Court.*

In a case of abduction, where there is evidence tending to show that the abducted female had been guilty of previous acts of unchastity, but was nevertheless living a chaste and virtuous life under the care and control of her parents at the date of her abduction, it is held proper for the Court to charge the jury as follows: "That if the defendant enticed and carried E. C. [the female] away from her father without his consent and for purposes of prostitution or concubinage, and she was at the time under the legal custody of her father, and was living a virtuous and chaste life, then the defendant would be guilty, although she went off willingly or with her own consent; and it would be no defense if she had, on one or more occasions before that date, been guilty of improper and familiar conduct with some other man or men; provided, at the time she was living a chaste and virtuous life at home with her father and mother, and under their care and control, and in their custody. In order to convict the defendant, the State must prove all the facts necessary to make out the case to your satisfaction beyond a reasonable doubt."

Code construed: ? 5370 (M. & V.) ; ? 4618 (T. & S.).

Cases cited and approved: Tucker v. State, 8 Lea, 633 ; Jenkins v. State, 15 Lea, 674.

Scruggs *v.* State.

7. SAME. *Same. Refusal of request not erroneous.*

And it is not error for the Court, after having given the charge above quoted, to refuse to give the following instruction upon defendant's request, viz. : "If you have a reasonable doubt as to the virtue of Etta Carter [the female] at the time of the alleged abduction, you must give defendant the benefit of the doubt and acquit."

8. WITNESS. *Juror not competent, when.*

As to facts learned by jurors by mere observation while sitting on the trial of the case, they should not be permitted to testify—*e. g.*, the defendant in an abduction case may not prove by the jurors that he and the child of the abducted female are unlike as they appeared upon exhibition in court.

9. NEW TRIAL. *Not granted upon jurors' affidavits that they misunderstood the Court's charge.*

Verdicts are never set aside upon affidavits of jurors averring that they misunderstood the Court's charge. "No rule of practice is better settled than that jurors will not be allowed to stultify themselves and vitiate their verdict by swearing they misunderstood the charge of the Court."

Cases cited and approved: Norris *v.* State, 3 Hum., 338; Saunders *v.* Fuller, 4 Hum., 518; Wade *v.* Ordway, 1 Bax., 229; Roller *v.* Bachman, 5 Lea, 160; Richardson *v.* McLemore, 5 Bax., 586; Cartwright *v.* State, 12 Lea, 621.

---

## FROM OBION.

---

Appeal in error from the Circuit Court of Obion County. W. H. SWIGGART, J.

MOORE & WELLS for Scruggs.

Attorney-general PICKLE for State.

CALDWELL, J. The plaintiff in error, John Scruggs,

is under a ten years' sentence for the abduction of Etta Carter, a girl fourteen years of age, from the home and custody of her father, for the purpose of prostitution or concubinage. Though admitting that he took the girl seventy-five miles from her home without her father's consent, and that he cohabited with her, and indulged in acts of sexual intercourse with her for several days, and until arrested for the offense, Scruggs defends principally on the ground that she was already a base and lewd woman, and, therefore, not a subject of the crime with which he is charged.

With respect to her previous character several witnesses were examined before the jury, and in their testimony there was much conflict. Scruggs himself and another witness testified to acts of sexual intercourse with her before the time of the alleged abduction. She denied this testimony, and swore that her first act of this character was with Scruggs after the abduction. There is other evidence sustaining and in some degree impeaching her character for virtue; though only two witnesses testify to acts of fornication. The story of Scruggs seems improbable on its face, and that of the other witness can hardly be credited at all.

With a view of further showing the character of the girl, defendant's counsel offered to prove in the Court below that a certain man had sexual intercourse with her at her own solicitation, "soon after" the arrest of the defendant and her return home. He offered to make this proof by the girl

herself, by the man alleged to have committed the act with her, and by the woman at whose house it is said to have occurred.

The Attorney-general objected to the evidence, and the objection was sustained. In holding the evidence incompetent, the Court said that if the girl "turned out to be a prostitute after she came back, the defendant could not avail himself of that fact, if he had taken her off and debauched her prior thereto."

It is now urged that this action of the trial Judge is erroneous upon two grounds: (1) Because it resulted in the exclusion of competent evidence. (2) Because the language used by the Judge was calculated to impress the jury that he believed the defendant guilty.

There is no error here. Evidence of the habits of the girl after the alleged abduction, however lewd, could not in any appreciable degree disclose her previous character for virtue, or indicate his innocence of the crime charged; hence it was incompetent and irrelevant. Indeed, the natural tendency of his conduct, if guilty as charged, was to lead her into a life of shame.

The language of the Court furnishes its own vindication against the imputation that it was calculated to prejudice the minds of the jury against the defendant. It is as far from assuming that the defendant had, in fact, taken the girl off and debauched her as language could have been. It conveys no impression of the Court's opinion either

as to his guilt or his innocence, but is entirely impartial, as it should be.

Etta Carter's father and mother were both witnesses for the State, and on the cross-examination of each of them the defendant offered to prove that the mother gave birth to several illegitimate children before her marriage, and that Etta's half-sister, older than herself, was the mother of an illegitimate child.

Objection being made by the State, the witnesses were not permitted to answer. In sustaining the objection the trial judge said in the hearing of the jury: "That is not competent, and would prove nothing; her mother and sister might have been base, lewd women, and yet this girl be entirely virtuous."

This ruling and language were likewise excepted to by defendant, and are assigned as error. As in the other instance, the ruling was right, and the language used in giving a reason for it entirely proper.

In December, after the alleged abduction in March, Etta gave birth to a child, which she testified was the fruit of her cohabitation with the defendant during her absence from home with him. On his suggestion the child was brought into Court and exhibited to the jury. After this was done the defendant asked to have the jurors sworn as witnesses, saying that he would examine such of them as he thought necessary as to certain facts which he desired to prove, namely: "That defendant is

a very black negro, that Etta is a copper-colored negro, and that the child is much lighter in color than its mother, and not at all like defendant."

Objection was made by the Attorney-general and sustained by the Court, and the jurors were not examined. That action of the Court is assigned as error.

We think the action clearly correct, for the reason stated in the objection, which is, in brief, that jurors cannot be introduced as witnesses to testify to each other with respect to facts learned by them as jurors, and by observation of the parties in open Court.

The Court offered to permit defendant to prove the facts as they really existed by others than the jurors, but the offer was not accepted.

After the Court had charged the jury with respect to the law of the case, the defendant asked him to further instruct them as follows: "If you have a reasonable doubt as to the virtue of Etta Carter at the time of alleged abduction, you must give defendant the benefit of the doubt and acquit."

The Court declined to give this instruction, because he thought he had already charged the jury correctly on that subject. His failure to instruct the jury as requested is urged as error.

On this point the learned trial Judge charged the jury that if the defendant enticed and carried Etta Carter "away from her father without his consent, and for purposes of prostitution or concubinage, and she was at the time under the legal custody of her father, Ben Carter, and was living

a virtuous and chaste life, then the defendant would be guilty, although she went off willingly, or with her own consent; and it could be no defense if she had on one or more occasions before that date been guilty of improper and familiar conduct with some other man or men; provided, at the time she was living a chaste and virtuous life at home with her father and mother, and under their care and control, and in their custody. In order to convict the defendant, the State must prove all the facts necessary to make out the case to your satisfaction beyond a reasonable doubt," etc.

This is a clear, concise, and sound exposition of the law applicable to the facts of the case on this particular subject, and, as such, meets our unqualified approval.

The statute under which the defendant was indicted is in these words: "Any person who takes any female from her father, mother, guardian, or other person having legal charge of her, without his or her consent, for the purpose of prostitution or concubinage, shall, upon conviction, be imprisoned in the penitentiary not less than ten nor more than twenty-one years." Code (M. & V.), § 5370.

It is not a prerequisite to the offense that the female be taken away forcibly or against her will. She may go ever so willingly, and yet the defendant be guilty of the abduction, if it be without the consent of her legal custodian, and for the prohibited purpose. *Tucker* v. *The State*, 8 Lea, 633.

The instruction in the case at bar is not in

conflict with the decision in the case of *Jenkins* v. *The State*, 15 Lea, 674. In that case the trial Judge charged the jury that the fact that the abducted female " may not have been virtuous at the time she was abducted, if abducted at all, will not excuse the defendant." *Ib.*, 676. For error in that and in another part of the charge, as well as on the facts of the case, the judgment of the lower Court was reversed.

There is no such instruction in this case. On the contrary, His Honor told the jury twice in the extract we have quoted that to constitute the offense the abducted female must have been *at the time living a chaste and virtuous life.*

In support of motion for new trial defendant produced joint affidavit of four of the jurors, in which they stated in substance that they did not so understand the charge; that they were convinced from the proof that Etta " was not, at and prior to the time of the alleged abduction, a virtuous female," but that they "understood" the charge to require a conviction notwithstanding such fact.

This affidavit presented no good ground for a new trial. No rule of practice is better settled than that jurors will not be allowed to stultify themselves and vitiate their verdict by swearing they misunderstood the charge of the Court. 3 Hum., 338; 4 Hum., 518; 1 Bax., 229; 5 Lea, 160; 5 Bax., 586; 12 Lea, 621.

The verdict is abundantly sustained by the evidence.

Let the judgment be affirmed.