JOHN WILLIAM WRIGHT

*v.*

STATE OF TENNESSEE.

394 S.W.2d 883.

(*Nashville,* December Term, 1964.)

Opinion filed October 22, 1965.

JAMES C. CUNNINGHAM, Clarksville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for the State.

Mr. Chief Justice Burnett delivered the opinion of the Court.

The plaintiff in error, John William Wright, was convicted of burglary in the third degree on one count of the indictment, which was submitted to the jury prior to the second count, wherein he was charged as being an habitual criminal. After the conviction in the first count of burglary in the third degree, the second count was submitted to the jury, and the jury found him guilty on the second count. The jury fixed his punishment at ten (10) years in the State penitentiary on the first count, and the law, of course, fixes his punishment at life imprisonment on the habitual criminal count.

There is no question made as to the conviction in the first count of burglary in the third degree. The sole complaint made to the conviction of being an habitual criminal is based upon the trial judge's instruction to the jury and his refusal to give a requested instruction to the jury. In part of this complaint it is argued that the evidence preponderates against the verdict and in favor of the innocence of the accused. As a matter of fact there is no disagreement about the evidence supporting the conviction as an habitual criminal as coming within the requirements of the statute (T.C.A. sec. 40-2801 et seq.).

The proof shows without any doubt that there were three previous convictions of this plaintiff in error within the purview of T.C.A. sec. 40-2801, entitled "Persons Defined as Habitual Criminals", and with the

conviction of burglary in the third degree under the first count in this case it was sufficient to warrant the punishment under the statute (T.C.A. sec. 40-2802) of the defendant as an habitual criminal.

The argument of the plaintiff in error is to the effect that the jury might under the law find the defendant not to be an habitual criminal in spite of the foregoing evidence; and it is said that the instruction of the trial judge was in error because it did not permit the jury to so find. In other words, it is inferentially argued, or may be read between the lines of the argument in the brief as well as that made in Court, that the judge should tell the jury that this is the law but you don't have to pay any attention to it if you don't want to. If you don't think the Legislature was right in fixing these different crimes and defining what brings one within the habitual criminal statute then don't pay any attention to it but go on and turn him loose. This is the effect of the argument herein on this feature of the case.

What we have just said is borne out by the affidavits of the five jurors which were taken after the conviction and filed in support of the motion for a new trial. In other words, in these affidavits the jurors agreed unquestionably that the State had shown sufficient convictions within the habitual criminal statute (T.C.A. sec. 40-2801 et seq.) to convict the man as being an habitual criminal, but these five, who made the affidavits, did not believe that the crimes for which he had been convicted were serious enough to be considered as making the man an habitual criminal. It seems to have been their idea that to make a man an habitual criminal he must be convicted of far more serious crimes than third degree burglary or things of that type, and it was for this reason that they

questioned what they had done, even though they did convict him as an habitual criminal, because as they understood the charge of the court, if the man had been convicted of crimes as defined in the habitual criminal statute (T.C.A. sec. 40-2801 et seq.) then there was nothing else for them to do. In other words, they had no right to totally disregard these things. As a matter of fact they didn't have the right to disregard what the Legislature had defined as making an habitual criminal even though juries sometimes do, and even though they had a right under the charge herein, as in all criminal charges that are properly given, to be the judges of both the facts and the law as given to them by the court.

 As a matter of fact these affidavits by these five jurors should have been totally disregarded as was said many years ago by this Court in *Scruggs v. State,* 90 Tenn. 81, 15 S.W. 1074:

"The affidavit presented no good ground for a new trial. No rule of practice is better settled than that jurors will not be allowed to stultify themselves and vitiate their verdict by swearing they misunderstood the charge of the court. *Norris v. State,* 3 Humph. 333; *Saunders v. Fuller,* 4 Humph. 518; *Wade v. Ordway,* 1 Baxt. 229; *Roller v. Bachman,* 5 Lea 160; *Richardson v. McLemore,* 5 Baxt. 586; *Cartwright v. State,* 12 Lea 621."

The last clause of Article 1, Section 19 of the Constitution of Tennessee provides, as follows: "* * * and in all indictments for libel, the jury shall have a right to determine the law and the facts, under the direction of the court, as in other criminal cases." The question involved in this lawsuit is whether or not the trial judge's instruction herein complied with this constitutional

requirement. He charged first on this feature of the case thus:

"It is sufficient for me to say that you are, in all criminal cases, the sole judges of the facts and of the law, as laid down to you by the court. The law, and the rules under which you may weigh the testimony of the witnesses, are set out and explained to you in this charge."

We might say that we have very carefully read and re-read the charge herein and find it an example of a perfect charge to be given in criminal cases. We find everything adequately covered.

Later when asked for a clarification on this feature of the case the trial judge gave an additional instruction directly on the subject thus:

"Gentlemen, I say again to you that you are the sole judges of the facts and of the law, so laid down to you by the court, in any criminal case. You must apply the law and the facts to each other, and in so doing arrive at your verdict. If after doing so you are convinced beyond a reasonable doubt of the guilt of the defendant you should so find and such should be your verdict. If after doing so you are not convinced beyond a reasonable doubt of the guilt of the defendant you should acquit him and your verdict should be not guilty. Of course, the only issue before you now is whether or not the defendant is an habitual criminal as charged in the 2nd count of the indictment, it having already been determined by you that he is guilty of the charge of Third Degree burglary as charged in the first count of the indictment."

This charge as elaborated told the jury that they were in fact the judges of the law under the direction of the court as well as the judges of the facts. This charge clearly conforms to that given in *Ford v. State,* 101 Tenn. 454, 47 S.W. 703, which is more or less considered to be the guiding star on this question. The charge there given, and approved by this Court, is:

"The jury are the judges of the facts and the law as it applies to the facts. In making up their verdict they are to consider the law in connection with the facts, but the court is the proper source from which they are to get the law. In other words, they are judges of the law as well as the facts, under the direction of the court." Many old cases are cited for this statement.

This is all the court told the jury in this case. Take, for instance, the charge in the trial of the third degree burglary count, upon which there is no question, the judge charged the jury by reading T.C.A. sec. 39-904, defining third degree burglary, and then he told them what the elements of third degree burglary were, then he said that they were to inquire from all the proof whether or not the defendant was guilty of third degree burglary, "and if you so find, and that beyond a reasonable doubt, your verdict would be * * *" and he sets out if they find him guilty they would assess his punishment. He then says, "If you have a reasonable doubt of his guilt, you will acquit the defendant, and your verdict would be, 'Not Guilty'."

In the charge in the same record on the habitual criminal count, he charges the jury that it is their duty to determine from all the evidence whether or not the defendant is guilty of being an habitual criminal under the law as set forth in the habitual criminal statute,

T.C.A. sec. 40-2801 et seq., and says it must be proven beyond a reasonable doubt that this man has been previously convicted three times of these different crimes, and the statute requires if he has been he should be declared to be an habitual criminal and punished as such; then he says if the jury is satisfied by all the proof that he has been convicted of burglary as charged in the first count of this indictment and in addition to that has been convicted of these other crimes he should be found guilty of being an habitual criminal. The judge says further if the jury finds under the proof in this case beyond a reasonable doubt that this plaintiff in error has been convicted of offenses thus defined by statute on three prior separate occasions and three different times as charged in the second count of the indictment and also a fourth time as charged in the first count of the indictment that it matters not how such cases are labeled whether housebreaking or burglary but in any event the verdict would be that the plaintiff in error is guilty of being an habitual criminal. Then he says, ''It is sufficient for me to say that you are, in all criminal cases, the sole judges of the facts and of the law, as laid down to you by the court. The law, and the rules under which you may weigh the testimony of the witnesses, are set out and explained to you in this charge.''

These rules are very clearly set forth herein. We can't see how the charge herein complained of, and the explanations given by the judge to the jury are any different than they were in the third degree burglary count. The jury was clearly told that they were the judges of the law and facts and had a right if they didn't believe the factual situation herein to acquit the man, but if they did believe these things happened as charged, that he had

been convicted on three previous separate occasions and on the third degree burglary count as charged in the indictment, then it was their duty to convict him as an habitual criminal. Clearly, under such a charge we can't see how this in any wise violates the constitutional provision here complained of, that is, Article 1, Section 19, Tennessee Constitution, a portion of which has heretofore been quoted.

■ The court after defining these various things which constitute an habitual criminal, etc., told the jury that they had to find this beyond a reasonable doubt, and if they did so their verdict should be guilty, but "if you have a reasonable doubt as to his guilt of being a habitual criminal, then your verdict will simply be, 'Not Guilty'." It seems to us that the charge herein is clear and sufficient. Certainly the trial judge could not be asked to stultify himself and tell the jury they could disregard the evidence of the prior convictions any more than he has by telling them, the jury, they were the judges of both the facts and the law—he has told them what the law is and they, the jury, are then the judges of both the law and the facts, the judge being the witness as to what the law is.

The court was requested to charge the jury, as follows:

"I further charge you that the felony charge of Burglary in the Third Degree and the accusation of Habitual Criminal are essentially independent of each other, although charged as separate counts in the same indictment, and the jury may, find the defendant guilty of the felony charge and innocent of being an habitual criminal."

■ It has been heretofore said in this opinion the third degree burglary count was tried just exactly like it was

one lawsuit. In other words, when that was submitted to the jury and the proof heard they only considered the question of whether or not the man was guilty of third degree burglary. The court fully charged on this, as if it were a separate lawsuit, and the jury, after considering, found him guilty of this felony charge of third degree burglary. After this was over with the jury was re-sworn and the second count, or the habitual criminal count, was read to the jury and then the evidence introduced as to these various convictions which went to make up whether or not the man was guilty of being an habitual criminal. After all this was in the judge charged the jury again as if this were a second lawsuit, and all they knew was that they had just convicted him of one of these crimes which under the statute was made one of the four requisites of being an habitual criminal—that was the only reference to that and that charge was the only thing that had to do with the lawsuit being tried under the habitual criminal count. Thus it is, as we see it, the second charge in the indictment to the effect that the jury consider whether or not the defendant was an habitual criminal is separate and apart from the first count of burglary in the third degree. Consequently, it seems to us that it is not necessary for the trial judge to give the requested instruction. *Hall v. State of Tennessee,* 200 Tenn. 436, 292 S.W.2d 716.

This case has been unusually well presented both in oral argument before the Court and in the excellent brief filed herein. It has stimulated quite a lot of thinking and discussion among the members of the Court. After a thorough consideration we have arrived at the conclusions heretofore set forth. We again take this opportunity to thank Mr. Cunningham who was appointed in the

trial court to represent the plaintiff in error and who so ably did so and also for his excellent appeal to this Court. This is an example of what the bar does for the indigent without compensation.

For reasons above stated the judgment below must be affirmed.