STATE OF TENNESSEE, Petitioner,

*v.*

JOHN WILLIAM WRIGHT, Respondent.

475 S.W.2d 546

(*Nashville*, December Term, 1971.)

Opinion filed January 17, 1972.

DAVID M. PACK, Attorney General, BART DURHAM, Assistant Attorney General, State of Tennessee, Nashville, NOEL R. BAGWELL, District Attorney General, Clarksville, for petitioner.

JAMES O. NOLAND, CAROL A. CATALANO, Clarksville, for respondent.

MR. CHIEF JUSTICE DYER delivered the opinion of the Court.

A history of this case will serve to clarify the issue.

On January 22, 1965, John William Wright was convicted of (1) burglary in the third degree, and (2) of being an habitual criminal. This case was seasonably appealed

to this Court and affirmed by an opinion styled *Wright v. State,* 217 Tenn. 85, 394 S.W.2d 883 (1965).

Subsequently Wright filed a petition for the writ of habeas corpus, under which, inter alia, he raised the following issue: That the habitual criminal conviction was void inasmuch as one of the prior convictions (referred to as the 1956 conviction) necessary to support the habitual criminal conviction was void. This 1956 conviction was alleged to be void on the ground that neither upon the indictment nor upon the minutes is there any indication the indictment being endorsed "a true bill," or signed by the foreman of the grand jury. The trial court dismissed this petition for the writ of habeas corpus. An appeal was taken to the Court of Criminal Appeals, which court affirmed the action of the trial court by an unpublished opinion dated December 30, 1968. The Court of Criminal Appeals, in denying Wright any relief upon the allegation this 1956 conviction was void, did so on the ground the validity of these prior convictions supporting the habitual criminal conviction was adjudicated by this Court on direct appeal in our case of *Wright v. State,* supra. The pertinent part of the Court of Criminal Appeals opinion, unpublished, dated December 30, 1968, is as follows:

> By his second assignment, the petitioner says that his conviction under the habitual criminal count is void because one of the convictions relied on was void because it was based on an invalid indictment, in that the minutes of the Court did not show that it was endorsed "a true bill" and signed by the foreman of the grand jury.

> In considering the petitioner's appeal in *Wright v. State,* supra, our Supreme Court said:

"(1) The proof shows without any doubt that there were three previous convictions of this plaintiff in error within the purview of T.C.A. sec. 40-2801, entitled 'Persons Defined as Habitual Criminals', and with the conviction of burglary in the third degree under the first count in this case it was sufficient to warrant the punishment under the statute (T.C.A. sec. 40-2802) of the defendant as an habitual criminal." 217 Tenn. at 87, 394 S.W.2d a 884.

We think the validity of the petitioner's prior convictions has already been adjudicated on direct appeal and that this assignment is without merit. Furthermore, he is confined under a valid judgment and sentence for burglary in the third degree. (Court of Criminal Appeals Opinion dated December 30, 1968, unpublished.)

On September 10, 1969, Wright filed the petition now before the court for post-conviction relief pursuant to T.C.A. sec. 40-3802 et seq. In this petition Wright again raises the issue this 1956 conviction is void on the same grounds as set out in his petition for habeas corpus. Based upon the prior adjudication of this issue by the Court of Criminal Appeals, in its unpublished opinion dated December 30, 1968, the trial court refused to hear any proof touching on this issue. Upon appeal the Court of Criminal Appeals, by a divided court, remanded the cause for a hearing on this issue. We granted certiorari.

Wright, in order to be successful under this petition filed pursuant to our post-conviction statutes, must show the error relied upon to void this 1956 conviction is a constitutional error. T.C.A. sec. 40-3805 sets out the relief to be granted under our post-conviction statutes in the following language:

Relief under this chapter shall be granted when the conviction or sentence is void or voidable because of the abridgement in any way of any right guaranteed by the Constitution of this state or the Constitution of the United States, including a right that was not recognized as existing at the time of the trial if either Constitution requires retrospective application of that right.

Even though the failure of the indictment to reflect the endorsement "a true bill" or be signed by the foreman of the grand jury could be a reversible error on direct appeal, such is not necessarily a constitutional error. In *Tipton v. State,* 160 Tenn. 664, 28 S.W.2d 635 (1930), this Court considered the constitutional requirements as to the substance of an indictment in the following language:

By article 1, sec. 9, of the Constitution it is provided that "in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof."

Article 1, sec. 14 provides: "That no person shall be put to answer any criminal charge but by presentment, indictment * * * or impeachment."

These constitutional guaranties of the Constitution of 1870 are phrased in substantially the same language in the Constitutions of 1834 and 1796.

*The constitutional requirements as to the substance of an indictment or presentment are, therefore, only that it state "the nature and cause of the accusation."*

It was held at an early date that it is "left to the Legislature to prescribe what shall constitute the 'accusa-

tion—' in what form the crime shall be charged.'' *Size-more v. State*, 40 Tenn. (3 Head), 26; *State v. Stephens*, 127 Tenn., 282, 154 S.W. 1149. (Emphasis supplied.) 160 Tenn. a 669-670, 28 S.W.2d at 636.

█ Under the allegations of this petition it is admitted this 1956 indictment contained ''the nature and cause of the accusation'' against Wright. The error alleged is not an abridgment of Wright's constitutional rights and no relief can be granted under this petition filed pursuant to our post-conviction statutes.

█ Even without regard to the lack of a constitutional error, relief would be denied under this petition for another reason. T.C.A. sec. 40-3811 precludes examination of issues previously determined. T.C.A. sec. 40-3812 defines when an issue has been previously determined in the following language:

When ground for relief is ''previously determined.''— A ground for relief is ''previously determined'' if a court of competent jurisdiction has ruled on the merits after a full and fair hearing.

The issue of the validity of these prior convictions including this 1956 conviction supporting the habitual criminal conviction was raised on direct appeal and as shown in that part of the unpublished opinion of the Court of Criminal Appeals copied above, we, in *Wright r. State*, supra, have previously determined this issue.

The judgment of the Court of Criminal Appeals is reversed and the judgment of the trial court affirmed.

CRESON, HUMPHREYS, and McCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.