Michael Dewayne CRAIG, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Dec. 13, 1973.

Certiorari Denied by Supreme Court
Feb. 19, 1974.

J. L. Bailey, Jr., Chattanooga, for plaintiff in error.

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, David Rotroff, Asst. Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

DWYER, Judge.

The questions raised on the appeal are the sufficiency of the evidence, the lineup, the denial of a poll of the jury to see if the verdict was unanimous. The plaintiff-in-error referred to herein, as at the trial level, as the defendant, was convicted of committing the offense of robbery with a deadly weapon with resulting punishment of confinement for ten years. He is, as at the trial level, represented by court appointed counsel.

The evidence disclosed by the record reveals that the victim, an insurance debit man, while making collections on September 11, 1972, around 3:00 p. m., was robbed at gunpoint of approximately $320 in the east end of Chattanooga.

On October 6, 1972, he was called to police headquarters where he identified the defendant in a lineup as the man who held him up.

The defendant advanced a denial of the robbery with an alibi defense that he was working on the event date. The jury has rejected this defense as evidenced by its verdict. See Black v. State, 1 Tenn.Cr.App. 373, 443 S.W.2d 523, 525. We think that in the situation as found in this record where the facts are diametrically opposed to one another, the jury's verdict has resolved this factual difference adversely to the defendant. See Nichols v. State, 200 Tenn. 65, 87, 289 S.W.2d 849. He has not carried the burden here to

show that the evidence preponderates against his guilt and in favor of his innocence. The assignments pertaining to the evidence are overruled.

■ His lineup was held prior to his indictment so we think his counselless lineup violated none of his rights. See Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 1883, 32 L.Ed.2d 411. Nor do we think it was unfair in its totality. See Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199. The assignment is overruled.

■ We think the trial court erred in disallowing the defendant's request for a poll of the jury. See T.C.A. § 20–1324. When the jury returned to the courtroom, the record reflects the following:

"THE COURT: Jurors, have you reached a verdict in this case?

"A JUROR: Yes, sir, we have, Your Honor.

"THE COURT: What is your verdict?

"A JUROR: Guilty.

"THE COURT: Of what?

"A JUROR: Of the charge.

"THE COURT: Well—

"A JUROR: (Interposing) Armed robbery.

"THE COURT: Of armed robbery, robbery with a deadly weapon, to-wit; a pistol?

"A JUROR: Yes, sir.

"THE COURT: All right. What penalty did the jury set?

"A JUROR: The minimum of ten years.

"THE COURT: Ten years. Is this the verdict of each one of you? Everybody agree? All right.

"A JUROR: (Inaudible)

"THE COURT: Sir?

"A JUROR: There was some question.

"THE COURT: All right, let the defendant stand.

"MR. BAILEY: (Interposing) Your Honor, in view of one of the jurors just stating that there was some question, we feel like maybe the jury should be polled at this time. I don't know what the question was—

"THE COURT: (Interposing) Mr. Bailey, if this is the jury's verdict, this is their verdict. If you want to talk to them, you may later, after I put the judgment down. As I understand it, this is the unanimous verdict of the jury, that the defendant has been found guilty of armed robbery, is that correct?

"A JUROR: That's right.

"THE COURT: All right. And that the jury has agreed on the minimum of ten years?

"A JUROR: Yes, sir.

"THE COURT: All right, that's what I understood. All right, the judgment of the Court in this case, Michael Dewayne Craig, is that you be declared infamous, which the law requires, and sentenced to the penitentiary for ten years. You may be seated."

In this record the learned trial court should not have been in such haste so as not to poll the jury when requested. The clear intent of the statute was to give the defendant the right to a poll of the jury on request. See Nance v. State, 210 Tenn. 328, 337, 358 S.W.2d 327; Wharton's Criminal Law and Procedure, Vol. 5, "Verdict", § 2142, p. 333.

The very best opportunity to make sure that the verdict is free from any intimidation and is unanimous is at the time of return in open court. To offer the defendant the right to interview the jurors after dispersement hits headon with the frowned upon practice in which jurors attempt to impeach their verdict. See Lee v. State,

121 Tenn. 521, 553, 116 S.W. 881; Wright v. State, 217 Tenn. 85, 394 S.W.2d 883, 885. A poll of the jury would have revealed the question and disposed of the question of unanimity. The assignment has merit. The assignment being sustained this record is remanded to the trial court for a new trial.

In closing, the defendant's reliance upon Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676, is misplaced. In that case Davis was taken into custody in a police dragnet. Here he was in custody for possessing burglary tools which charge he alludes to as being subsequently dismissed. We find no merit from the record in this assignment. It is overruled.

The judgment of the trial court is reversed.

WALKER, P. J., concurs.

GALBREATH, Judge (dissenting).

I would not set aside the verdict of the jury in this case on the grounds that no poll was taken to ascertain if the verdict was unanimous inasmuch as I do not find that any application was made for such a poll.

T.C.A. § 20–1324 provides:

"The trial judges in all courts of record in which suits are tried by juries, in both criminal and civil cases, shall be required to poll the jury on application of either the state or the defendant in criminal cases and either the plaintiff or the defendant in civil cases, without exception."

If the attorney for the defendant had requested a poll of the jury, undoubtedly individual inquiries of each of them would have been made. If not, then the refusal of the trial judge to conduct such a poll, or to permit counsel to do so, would have been error. However, in this case no motion to poll the jury was made or acted upon. Instead, defense counsel stated only, ". . . we feel like maybe the jury should be polled at this time." Whether or not the jury was to be polled was a decision for counsel to make, and an equivocal observance that "maybe" something should be done also carries within it the idea that "maybe" this should not be done.

Nance v. State, 210 Tenn. 328, 358 S.W. 2d 327, cited by the majority, is clear authority for and makes the statement that under our statute "the court is not required to have the jury polled in the absence of a request therefor."

Evidently counsel for the defense was not adamant on the issue since not only did he fail to convey to the trial court a meaningful desire on his part to have the jury polled but he did not object to its not being polled.

The law presumes regularity. See Jones v. State, 79 Tenn. 468. In the absence of some affirmative showing that the trial judge was in error in overruling a properly presented application of the type under discussion or that the defendant was adversely affected, we should not set aside the verdict of a jury approved by him on a strained technicality.

I respectfully dissent.