# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 13, 2003

## STATE OF TENNESSEE v. JEFFERY LEE MASON

**Direct Appeal from the Circuit Court for Giles County**
**No. 10123     Stella Hargrove, Judge**

---

**No. M2002-01709-CCA-R3-CD - Filed May 19, 2004**

---

Hayes, David G., Judge, dissenting


I am unable to join with the majority in concluding that the evidence is sufficient to support the defendant's conviction for attempted voluntary manslaughter and that an instruction on this offense was warranted under the facts of this case. I find nothing in the record which establishes that, at the time of the attempted homicide, the defendant was "in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." Tenn. Code Ann. § 39-13-211(a) (2003). Accordingly, I respectfully dissent on the majority's application of both the law and facts.

Preliminarily, I note that the defendant requested that the jury be instructed only on the indicted offense of attempted first degree murder and misdemeanor reckless endangerment, as the only lesser included offense established by the evidence. Over the objection of the defendant, the trial court, in accordance with the State's request, instructed on attempted voluntary manslaughter. Thus, this issue is preserved for appeal. Tenn. Code Ann. §  40-18-110 (2003).

### Application of Facts

While conceding that the convicting evidence "is at best only marginally sufficient," the majority concludes that "a subtle form of provocation could have been inferred by the jury." The majority opines that, by virtue of the defendant's status as a shackled and handcuffed prisoner, these facts could permit a finding of provocation by the jury, "at least by a subjective understanding of the term." Provocation, however, is statutorily governed by an objective or "reasonable person" standard not by a subjective one. Tenn. Code Ann. § 39-13-211. Moreover, to reach this conclusion would require pure speculation because, according to the testimony of Deputy Graves, the defendant was cooperative throughout the procedure and there was no evidence that he was provoked by being shackled and handcuffed. Testimony established that the defendant escaped because he did not like jail conditions, and the majority concludes that this circumstance also supports provocation.

However, I find that, if anything, this shows that the defendant's actions were deliberate and calculated. While the defendant may have been angry, anger to reduce an unlawful homicide to the degree of voluntary manslaughter, must be anger produced by adequate provocation. *Hargrove v. State,* 281 S.W.2d 692, 698 (Tenn. 1955).

If the facts of this case rise to a level of adequate provocation, then provocation would exist in almost every set of circumstances in every homicide prosecution. To find provocation in this case would require the finding that the deputy in the performances of his duties as a law enforcement officer provoked the defendant into attacking him.

## Application of Law

In finding the instruction on attempted voluntary manslaughter warranted, the majority relies upon *State v. Mellons*, 557 S.W.2d 497 (Tenn. 1977), and *State v. Davis,* 751 S.W.2d 167 (Tenn. Crim. App. 1988). These cases, as observed by the majority, permit a conviction to stand where there is NO evidence to support the elements of the lesser included conviction, as long as there is proof of the greater crime for which the defendant was charged. *Davis* relies entirely upon the *Mellon*'s holding. *Mellons* predates *Jackson v. Virginia,* 443 U.S. 307, 315, 99 S.Ct. 2781, 2789 (1979), and Tenn. R. App. P. 13(e), both of which require proof of the essential elements of the convicted offense beyond a reasonable doubt. Additionally, the rationale of *Mellons* was expressly predicated upon then Tennessee Code Annotated § 40-2520, which was repealed in 1979. The Supreme Court in *Jackson v. Virginia* denounced the "no evidence" rule, finding that application of this rule violates a defendant's due process rights because the rule "is simply inadequate to protect against misapplications of the constitutional standard of reasonable doubt." *Jackson v. Virginia*, 443 U.S. at 320, 99 S. Ct. at 2789. Accordingly, I find that *Davis* and *Mellons* were overruled *sub silentio* by the holding in *Jackson v. Virginia.* In this state, provocation is an element of the offense of voluntary manslaughter*,* and proof to convict may not be merely marginal but is required beyond a reasonable doubt. Tenn. Code Ann. § 39-11-201 (2003); *see also Mullaney v. Wilbur*, 421 U.S. 684, 95 S. Ct. 1881 (1975) (state may not shift burden of proof to the defendant, as due process requires state to prove elements of the offense beyond a reasonable doubt).

Clearly, the lesser included test of *Mellons* does not comport with our current test in *State v. Burns*, 6 S.W.3d 454 (Tenn. 1999). The majority summarily notes that attempted voluntary manslaughter is a lesser included offense of attempted first degree murder under the *Burns* test. This statement and the analysis which follows leave the clear implication that voluntary manslaughter is a lesser offense under part (a) of the *Burns* test and should, therefore, be charged in every case. However, it is well settled that voluntary manslaughter is a lesser included offense of first degree murder under part (b) of the *Burns* test and, therefore, an instruction should be given only if (1) reasonable minds could accept the offense as a lesser included and (2) the evidence is legally sufficient to support a conviction for the lesser included offense. *Burns*, 6 S.W.3d at 469; *see also State v. Dominy*, 6 S.W.3d 472, 477 n.9, (Tenn. 1999); *State v. Kenneth Anthony Henderson*, No. M1999-00547-CCA-R3-CD (Tenn. Crim. App. at Nashville, Apr. 11, 2002); *State v. William Binkley,* No. M2001-00404-CCA-R3-CD (Tenn. Crim. App. at Nashville, Apr. 5, 2002); (each of

these cases expressly holds that voluntary manslaughter is a lesser included offense of first degree murder under part (b) of the *Burns* test). The "alternative means" analysis utilized by the majority in affirming the conviction applied the *Mellons* test and found that, although there was little or no evidence of provocation by the defendant, there was proof of the greater crime of attempted first degree murder and, therefore, the conviction could stand. This analysis ignores the fact that, under *Mellons*, all lesser offenses would fall under part (a) of the *Burns* test. *Mellons* had no provision for (b) or (c) *Burns* lesser included offenses. Under *Mellons* proof of the greater offense proved the lesser, however, under *Burns* this is not necessarily true for lesser offenses under parts (b) and (c).

The majority notes, "The Tennessee Constitution is unique in that in criminal cases, the jury is the judge of the law and the facts." In its complete form, Article I, section 19 states that the "the jury shall have a right to determine the law and the facts, under the direction of the court[.]" This does not mean that "the judge should tell the jury that this is the law but you don't have to pay any attention to it if you don't want to." *Wright v. State,* 394 S.W.2d 883, 884 (Tenn. 1965). This section of our constitution places the responsibility for safeguarding the integrity of the jury trial in the hands of the trial court. This includes withholding lesser offenses from the jury when the evidence is not legally sufficient to support a conviction for such offense.

In this case, the majority concludes that the evidence would have supported a conviction for attempted first degree murder or attempted second degree murder. I fully agree. However, by striving to uphold this conviction based upon a 1977 decision which totally conflicts with present day jurisprudence, the majority only invites further confusion at the trial court level.

In all other respects, I agree.

_____
DAVID G. HAYES, JUDGE