# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 6, 2012

## STATE OF TENNESSEE v. PAUL ALLEN ST. CLAIR

**Appeal from the Criminal Court for Trousdale County**
**No. 10-61-E-112      David Earl Durham, Judge**

---

**No. M2012-00578-CCA-R3-CD - Filed April 16, 2013**

---

JERRY L. SMITH, Judge, Concurring in Part, Dissenting in Part.


I concur in the majority opinion with regard to the holding that the incarcerative sentences in this case are appropriate. However, I dissent from the holding of the majority that the error by the trial judge in the imposition of the mandatory minimum fines prescribed by statute for the offenses in this case requires plain error review and a remand for a jury determination as to the imposition of these fines.

The minimum *mandatory* fine for each of the offenses of which the defendant was convicted is $2,000. T.C.A. § 39-17-428(b)(9). Without intervention of the jury the trial court imposed these minimum mandatory fines. This was clearly error because the Constitution of Tennessee, Article VI, Section 14 prohibits the assessment of a fine in excess of $50 unless it is imposed by a jury. However, in this case the defendant did not make any objection to the trial court setting the fines or raise the issue in the motion for a new trial. Thus, if the defendant is to receive review of this issue on appeal that review must come via plain error review. Plain error review is appropriate when all of five of the following factors have been established by the defendant:

> (1) the record must clearly establish what occurred in the trial court; (2) a clear and unequivocal rule of law must have been breached; (3) a substantial right of the defendant must have been adversely affected; (4) the accused must not have waived the issue for tactical reasons; and (5) consideration of the error must be necessary to do substantial justice.

*State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000); *State v. Adkisson*, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994).

In concluding that plain error review of the fine issue is warranted in this case the majority notes without discussion that the factors listed above are all established. I respectfully disagree.

Taking up the plain error review factors seriatim, the record is clear that the trial court imposed the mandatory minimum fines for the offenses in this case, that those fines are in excess of $50, and that the jury took no part in the levying of these fines. Second, one could argue that a substantial right of the accused, i.e., the right under Article VI, Section 14 to have a jury set these fines, was violated. Upon closer examination however one must remember that the minimum fines in this case are *mandatory*. Thus, the jury is legally bound to impose these fines upon conviction. Although it is conceivable that a jury would decline to do so, such a failure to follow the law is nothing but a windfall to the defendant because he does not enjoy a personal right to jury nullification.[1] This Court has declined to find that jury nullification is a personal right of the defendant. *See Jerry Lee Craigmire v. State*, No. 03C01-9710-CR-0040, 1999 WL 508445, at *12 (Tenn. Crim. App., at Knoxville, Jul. 20, 1999), *perm app. denied* (Tenn, Nov. 22, 1999). Our state supreme court has said that jury nullification is neither a personal right of the accused nor of the jury itself, although juries sometimes do nullify applicable law. *Wright v. State*, 394 S.W.2d 883, 885 (Tenn. 1965).[2]

Thus, I would find that since no substantial right of the accused is impacted under the facts of this case, plain error review is not warranted. Moreover, in the cases cited by the majority opinion to sustain the position that a reversal is required, the fine question was either not submitted to the jury or the trial judge levied a fine in excess of the fine levied by the jury.

Although the fine issue was not presented to the jury in the case herein, had it been presented, the jury was required by law to affix that fine in the amount of not less that $2,000, the very amount fixed by the trial court. Therefore, any remand of this case to have a jury empaneled for the sole purpose of levying a mandatory fine in the same amount as that set by the trial judge is an exercise in vaunting form over substance and is, in my opinion, a waste of judicial resources.

---

[1]Jury nullification occurs when a jury declines to follow applicable law or ignores evidence and acquits a defendant or fails to impose a required sentence for some extra-judicial reason.

[2]To the extent that courts recognize a "right" to jury nullification it is typically viewed as a *right of the jury*, rather than a personal right of the accused. *See generally Silencing Nullification Advocacy Inside the Jury Room and Outside the Courtroom*, Nancy J. King, 65 U. Chi. L. Rev. 433 (Spring 1998).

For these reasons I would deem any error with respect to the fine in this case to be waived and not appropriate for plain error review.  I therefore dissent.


                                      _____

                                      JERRY L. SMITH, Judge