**Ralph L. JANOW, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

April 6, 1978.

Certiorari Denied by Supreme Court June 19, 1978.

John C. Littleton, William B. Parker, Chattanooga, for appellant.

Brooks McLemore, Jr., State's Atty. Gen., Robert L. Jolley, Jr., Asst. State Atty. Gen., Nashville, Stephen M. Bevil, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## OPINION

BYERS, Judge.

The Appellant was tried on a two count indictment which alleged in the first count that he had committed burglary and in the second count that he had become an habitual criminal. In a bifurcated trial on the two counts of this indictment, the Appellant was found guilty of burglary and found to have become an habitual criminal. He was accordingly sentenced to a term of life imprisonment.

The Appellant does not attack the sufficiency of the evidence on either count. It is sufficient to say that on January 29, 1976, at approximately 9:45 p.m., he and another man broke into a fraternal club in Chattanooga with larcenous intent. Further, the past record of the Appellant sufficiently supports the finding that he is an habitual criminal as defined in T.C.A. § 40–2801.

The Appellant says the two count indictment should have been quashed because the first count of the indictment was not signed by the foreman of the grand jury and showed that it was returned in the March, 1976, term while the second count of the indictment, which was signed by the grand jury foreman, showed it was returned in the April, 1976, term of court; that the Habitual Criminal Statute, T.C.A. § 40–2801, is unconstitutional because the punishment is extreme and mandatory and be-cause prosecutorial authorities arbitrarily apply the provisions thereof; and, that the jury should have been instructed that they did not have to apply the statutory punishment under the Habitual Criminal Statute if they found the punishment to be harsh even though the Appellant had attained the status of an habitual criminal.

The assignments of error are overruled and the judgment of the trial court is affirmed.

The Appellant's attack upon the indictment for failure of the foreman of the grand jury to sign the first count is based upon the theory that the first count of the indictment charging the base offense of burglary and the second count of the indictment alleging that the Appellant had become an habitual criminal are two separate and distinct indictments returned at different terms by different grand juries.

This claim arises because of the top of the body of the first count is typed "Criminal Court March Term, 1976" and at the top of the body of the second count of the indictment is typed "Criminal Court April Term, 1976."

We are of the opinion, however, that this record reflects only one indictment returned by the same grand jury in the April, 1976, term of court. We are persuaded to this view because the caption on the indictment shows that both the first and second counts of the indictment were returned on April 14, 1976, which would fall within the April, 1976, term of the court.

The erroneous statement of an incorrect term of court at the top of the indictment is immaterial and does not invalidate an indictment where the caption shows the term at which the indictment is preferred. *Mitchell v. State*, 16 Tenn. 514 (1835); *Firby v. State*, 62 Tenn. 358 (1874). This indictment meets those requirements. There is nothing in this record to support the Appellant's claim that separate indictments by separate grand juries were returned.

We have found no authority that holds that the foreman of the grand jury must

endorse each count of a multi-count indictment.

■ Where the foreman of the grand jury endorses the second count of the indictment to indicate that the entire document is the action of the grand jury in returning a true bill, as in this case, the provision of T.C.A. § 40–1706 requiring the endorsement of the grand jury foreman is fulfilled.

■ The Appellant's contention that the Habitual Criminal Statute is unconstitutional because it constitutes cruel and unusual punishment has been previously answered adversely to him by the Supreme Court of this State. *Pearson v. State*, 521 S.W.2d 225 (Tenn.1975); *Canupp v. State*, 197 Tenn. 56, 270 S.W.2d 356 (1954). The penalty under this statute does not constitute cruel and unusual punishment.

■ Likewise, the alleged Constitutional infirmity of this statute claiming that it allows prosecutorial selectivity in its application to those who are subject to its terms has been previously held not to create a Constitutional infringement. *Brown v. State*, 1 Tenn.Crim.App. 462, 445 S.W.2d 669 (1969). See also, *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).

The special request made by the Appellant sought to have the trial court instruct the jury that they did not have to fix the punishment at life imprisonment even though the evidence convinced them beyond a reasonable doubt that the Appellant had become an habitual criminal within the terms of the Habitual Criminal Act.

■ The Appellant asserts that this requested charge was proper because in *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977), the Supreme Court held that on a plea of guilty all relevant factors and circumstances should be considered in fixing punishment for the offense on which the plea of guilty was entered. We cannot see that *Mackey* should be construed to authorize the giving of an erroneous instruction to a jury in a case involving a determination of whether the Appellant has reached the habitual criminal status. The punishment for one

who has reached this status is life imprisonment—no more, no less.

The request sought an instruction which was erroneous and contrary to the punishment provisions of the Habitual Criminal Act. T.C.A. § 40–2801. The trial court properly rejected this request. In *Wright v. State*, 217 Tenn. 85, 394 S.W.2d 883 (1965), commenting on a similar request, the Supreme Court said:

"As a matter of fact they didn't have the right to disregard what the Legislature had defined as making an habitual criminal even though juries sometimes do, and even though they had a right under the charge herein, as in all criminal charges that are properly given, to be the judges of both the facts and the law as given to them by the court."

■ Although juries may sometime find contrary to the evidence presented and the law applicable thereto, so that a person shall not be held to account for his actions, the court should not inform them that they may disregard the applicable law in arriving at their verdict.

DWYER, P. J., and RUSSELL, J., concur.