767 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM A. RANSON, PETITIONER-APPELLANT,
v.
HERMAN C. DAVIS, WARDEN, AND MICHAEL CODY, ATTORNEY GENERAL,
RESPONDENTS-APPELLEES.
 NO. 84-5992
 United States Court of Appeals, Sixth Circuit.
 6/7/85
 
 M.D.Tenn.
 AFFIRMED
 ORDER
 BEFORE: CONTIE, Circuit Judge; and PHILLIPS and CELEBREZZE, Senior Circuit Judges.
 
 
 1
 Petitioner moves for appointment of counsel on appeal from an order dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and briefs, this panel agrees unanimously that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The record shows that petitioner was convicted in a bifurcated trial in Davidson County, Tennessee, on charges of robbery and being an habitual criminal offender. In the instant petition, petitioner presents three claims of error which were found to be without merit by the district court.
 
 
 3
 Petitioner alleges first that the trial court erred in summarily dismissing two prospective jurors for cause because they informed the prosecutor of their intention to follow their conscience and not the law. Petitioner cites Rule 24 of the Tennessee Rules of Criminal Procedure for the proposition that the trial judge should have conducted an independent examination of the jurors to determine their unwillingness of liability to follow the court's instructions.
 
 
 4
 Generally, an issue of this nature is not cognizable in federal habeas corpus proceedings unless fundamental fairness is impugned. Sudds v. Maggio, 696 F.2d 415 (5th Cir. 1983). Further, the Supreme Court has held that the State has a legitimate interest in insisting that jurors consider the facts impartially and conscientiously apply the law as charged by the court. Lockett v. Ohio, 438 U.S. 586, 595-596 (1978); Adams v. Texas, 448 U.S. 38, 45 (1980). Under the circumstances of this case, we find that the trial judge's action did not deny petitioner a fair trial. We further note that in affirming petitioner's conviction, the Tennessee Court of Criminal Appeals found that under Rule 24(b), Tennessee Rules of Criminal Procedure, the trial judge was not required to conduct an independent examination of the challenged jurors. See State v. Ransom, No. 83-166-III (Tenn. Crim. App. May 15, 1984). At best, petitioner has presented a question of state law which is not cognizable in these proceedings.
 
 
 5
 Petitioner argues secondly that he was denied due process of law by the prosecutor's remark during rebuttal argument that defense counsel had asked the jurors to violate their oath. Under Tennessee law, neither the court nor counsel may inform the jury that they may disregard the applicable law in arriving at their verdict. See Janow v. State, 567 S.W.2d 483 (Tenn. Crim. App. 1978). Under the circumstances, the prosecutor's remarks were not improper because they were made in response to an impermissible argument presented by the defense. See Cook v. Bordenkircher, 602 F.2d 117, 120 (6th Cir.), cert. denied, 444 U.S. 936 (1979); United States v. Roberts, 548 F.2d 665, 669 (6th Cir.), cert. denied sub nom. Williams v. United States, 431 U.S. 920 (1977). It therefore appears that the prosecutor's remark did not render petitioner's trial fundamentally unfair. See Donnelly v. DeChristofero, 416 U.S. 637 (1974).
 
 
 6
 Petitioner's third and final argument is that he was denied due process of law by virtue of the fact that the habitual criminal court of the indictment listed four prior underlying felonies. Two of these prior convictions constituted only one conviction for habitual criminal purposes. Thus, petitioner argues, the jury could easily have inferred that petitioner had four convictions for purposes of the habitual criminal charge. Under the circumstances of this case, we find that it was not improper for the prosecutor to introduce evidence of petitioner's prior convictions. See Haggard v. Henderson, 382 F.2d 288, 289 (6th Cir.), cert. denied, 389 U.S. 1024 (1967). We further find that since petitioner was given adequate notice of the convictions underlying the habitual criminal charge, he was not denied due process of law. See Blake v. Morford, 563 F.2d 248, 250 (6th Cir. 1977), cert. denied sub nom. Blake v. Thompson, 434 U.S. 1038 (1978).
 
 
 7
 From the foregoing, it appears the questions on which decision of this cause depends are so unsubstantial as not to need further argument. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 8
 Accordingly, it is ORDERED that petitioner's motion for appointment of counsel is denied and the final order of the district court is hereby affirmed.