IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 10, 2004

## STATE OF TENNESSEE v. WILBUR LEON DECK, JR.

**Direct Appeal from the Circuit Court for Dickson County**
**No. CR6431     Robert E. Burch, Judge**

_____

**No. M2003-02334-CCA-R3-CD - Filed March 24, 2004**

_____

A Dickson County jury convicted the Defendant, Wilbur Leon Deck, Jr.,[1] of Driving Under the Influence of an Intoxicant ("DUI"), second offense. The trial court sentenced the Defendant to eleven months and twenty-nine days in the county jail, which it suspended after the Defendant served ninety days in jail. On appeal, the Defendant contends that the trial court erred when it failed to dismiss the presentment because the caption of the presentment stated the incorrect term of the grand jury. Finding no reversible error, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Michael J. Flanagan, Nashville, Tennessee, for the appellant, Wilbur Leon Deck, Jr.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Renee W. Turner, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Billy H. Miller, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**Opinion**
**I. Facts**

In this case, the Defendant appeals his DUI conviction and states that, since he is "not pursuing any issues that require an examination of the facts involving the evidence itself," he "has not prepared a transcript of the evidence presented at trial." Accordingly, there are few facts included in the record. The record does establish that the Defendant was arrested on Friday, January 18, 2002, for DUI and that he refused to submit to a breathalyzer test or to sign the citation form.

_____

[1]We note that the Defendant's brief states his name as "William Leon Deck, Jr." However, the technical record states the Defendant's name as "Wilbur Leon Deck, Jr.," and, accordingly, we will refer to the Defendant using this name.

The Dickson County Grand Jury issued a presentment on one count of DUI, second offense. A jury found the Defendant guilty of the charged offense, and the trial court sentenced the Defendant to eleven months, twenty-nine days, and ordered that he serve ninety days in jail and the balance of his sentence on probation.

The Defendant appeals, contending that his conviction should be reversed because the presentment was void on its face. Specifically, the Defendant asserts that the caption of the presentment is entitled, "January Term Grand Jury, 2003," but the presentment was filed December 18, 2002. Therefore, the Defendant asserts, the presentment is flawed and his conviction cannot stand.

## II. Analysis

The question of the validity of an indictment or presentment is one of law and, as such, our review is de novo. State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). Under both the United States and the Tennessee Constitutions, a charging instrument, such as an indictment or presentment, must inform the accused of "the nature and cause of the accusation." See U.S. Const. amend. VI; Tenn. Const. art. I, § 9; State v. Hammonds, 30 S.W.3d 294, 297 (Tenn. 2000). In addition to these constitutional guarantees, the form of an indictment or presentment in Tennessee is prescribed by statute. Tennessee Code Annotated section 40-13-202 (2002) directs that a charging instrument:

> [M]ust state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . .

The Tennessee Supreme Court has stated:

> [A]n indictment is sufficient to satisfy the constitutional guarantees of notice to the accused if the indictment contains allegations that: (1) enable the accused to know the accusation to which answer is required; (2) furnish the trial court an adequate basis for entry of a proper judgment; and (3) protect the accused from a subsequent prosecution for the same offense.

Hammonds, 30 S.W.3d at 299 (citing Hill, 954 S.W.2d at 727). In Hammonds, the Court announced its "relaxation of common law pleading requirements and . . . reluctance to elevate form over substance when evaluating the sufficiency of indictments" and stated, "[I]ndictments which achieve the overriding purpose of notice to the accused will be considered sufficient to satisfy both constitutional and statutory requirements." Id. As to the form of the indictment, including the caption at the beginning of all indictments, Tennessee Code Annotated section 40-13-201 states, "An indictment must contain, in the caption or body thereof, the name of the state, county and court, and term in and at which it is preferred, and must conclude 'against the peace and dignity of the state of Tennessee.'" A reference to an "indictment" in our statutes includes a "presentment" whenever the

context will permit it.  Tenn. Code Ann. § 40-13-101(b) (1997).

The Defendant contends that the presentment in this case is fatally flawed.  The text of the presentment at issue reads as follows:

IN THE CIRCUIT COURT FOR DICKSON COUNTY,
TENNESSEE AT CHARLOTTE
JANUARY TERM GRAND JURY, 2003

The Grand Jurors for the State of Tennessee, duly elected, impaneled, sworn, and charged to inquire, in and for the body of the County of Dickson in the State aforesaid, upon their oaths, present: That **WILBUR LEON DECK, JR.** heretofore, to-wit: on or about January 18, 2002, and prior to the finding of this Presentment, in the county of Dickson aforesaid, then and there, did unlawfully, while under the influence of an intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system, drive and/or physically control an automobile or other motor driven vehicle upon any of the public roads and highways of the state, or any streets or alley, or while on the premises of any shopping center, trailer park or any apartment complex or any other premises which is generally frequented by the public at large, in violation of T.C.A. 55-10-401, and having been previously convicted of a like offense in the following case, to-wit:

1.  On the 25th May, 2000, in the Humphreys County General Sessions Court, Waverly, TN, under docket number 15301-00 of said Court.

Wherefore, the Grand Jurors aforesaid, upon their oath aforesaid, do hereby indict the said **WILBUR LEON DECK, JR.** for the 2nd offense of driving while under the influence of an intoxicant, in violation of **T.C.A. 55-10-401, a Class A Misdemeanor**, all of which is against the peace and dignity of the State of Tennessee.

The file stamp on the presentment indicates that it was filed on December 18, 2002, 4:35 p.m., and the presentment is signed by the grand jurors.  The Defendant contends that the presentment must be dismissed because it was filed on December 18, 2002, but states that it was issued during the January, 2003 term of the Dickson County Grand Jury.

We respectfully disagree with the Defendant's contention.  This issue came squarely before the Tennessee Supreme Court many years ago, but the opinion then delivered by the Court is still good law today.  In <u>Mitchell v. The State</u>, 16 Tenn. 514 (Tenn. 1835), the defendant contended that the indictment against him could not stand because "the indictment is entitled as of the March term of Jackson circuit court, 1832, when the caption of the record shows that the court sat in April."  The Court then stated, "The statement of the term of the court, which is put at the head of this indictment, is no part of it . . . . but is a formal statement of the proceedings, . . . which occur previously to the

introduction of the indictment . . . . [T]he words 'March term,' at the top of this indictment, are wholly immaterial and may be disregarded." Id. at 527-28. Some forty years later, the Court again addressed this issue in Firby v. The State, 62 Tenn. 358 (Tenn. 1874). In that case the Court summarized the facts as follows:

> The indictment is entitled of the September Term, 1873, by mistake of the draftsman, or in making out the transcript. But the record shows that the Grand Jury was duly [empaneled] at the January Term, 1874, and that on the 7th day of January, 1874, one of the days of said Term, they came into open Court, and presented this bill of indictment.

Id. at 360. The Court then stated:

> Upon its face the indictment charges that the offen[s]e was committed on the 24th day of October, 1873; several months, as shown by the record before the finding of the indictment. We are of [the] opinion, therefore, that the record sufficiently shows that the action of the Grand Jury was had upon the indictment at the January Term, 1874, of said Criminal Court; and the statement of the wrong Term of the Court at the head of the indictment is no part of it, and does not vitiate it, the record showing when it was found. Mitchell v. The State, [8 Tenn.] 527-28. See also M'Bean v. State, [50 Tenn. 20 (1870)].

Id. More recently, this court has stated, "The erroneous statement of an incorrect term of court at the top of the indictment is immaterial and does not invalidate an indictment where the caption shows the term at which the indictment is preferred." Janow v. State, 567 S.W.2d 483, 484 (Tenn. Crim. App. 1978); see also Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000) (stating "So long as an indictment performs its essential constitutional and statutory purposes, a defect or omission in the language of the indictment will not render the judgment void.") (citations omitted).

In accordance with these foregoing authorities, we conclude that the incorrect term of the grand jury articulated in the caption of the presentment this case is not fatal. The presentment met constitutional and statutory standards by providing the Defendant notice of the charges against him. We further conclude that the incorrect term of the court at the top of the presentment does not invalidate it because the statement of the term of the court is not part of the presentment and, therefore, may be disregarded.

### III. Conclusion

Accordingly, the judgment of the trial court is AFFIRMED.

_____

-4-

ROBERT W. WEDEMEYER, JUDGE