IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 11, 2004

## WAYNE DAVIDSON v. RICKY BELL, WARDEN

**Direct Appeal from the Circuit Court for Davidson County**
**No. 03-C760      Barbara N. Haynes, Judge**

---

**No. M2003-01128-CCA-R3-HC -Filed September 27, 2004**

---

The petitioner, Wayne Davidson, was convicted in the Meigs County Criminal Court of second degree burglary. Upon being found by a jury to be an habitual criminal, the petitioner was sentenced to life imprisonment. Subsequently, the petitioner filed in the Davidson County Circuit Court a pro se petition for writ of habeas corpus, alleging that the statutes under which he received a life sentence were unconstitutional. The trial court summarily dismissed the petition, and the petitioner timely appealed. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Wayne Davidson, Nashville, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; and Victor S. (Torry) Johnson, III, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

On May 2, 1985, the petitioner was convicted in the Meigs County Criminal Court of second degree burglary. Upon being found by a jury to be an habitual criminal, the petitioner was sentenced to life imprisonment. This court affirmed the conviction and sentence on direct appeal. State v. Wayne Davidson, No. 13, 1987 WL 14282 (Tenn. Crim. App. at Knoxville, July 21, 1987). The petitioner subsequently filed a petition for post-conviction relief in the Meigs County Criminal Court and three petitions for habeas corpus relief in the Morgan County and Roane County Criminal Courts. This court granted relief, in part, pursuant to the petition for post-conviction relief. Wayne

K. Davidson v. State, No. 20, 1989 WL 9628 (Tenn. Crim. App. at Knoxville, Jan. 20, 1989). The petitions were otherwise denied. Id.; Wayne Davidson v. Mills, No. 03C01-9110-CR-00338, 1992 WL 141807 (Tenn. Crim. App. at Knoxville, June 25, 1992); Wayne Davidson v. State, No. 03C01-9512-CC-00405, 1997 WL 167215 (Tenn. Crim. App. at Knoxville, Apr. 10, 1997); Wayne Davidson v. Jones, No. 03C01-9708-CR-00373, 1999 WL 274958 (Tenn. Crim. App. at Knoxville, May 4, 1999).

On March 14, 2003, the petitioner, acting pro se, filed in the Davidson County Circuit Court a fourth petition for writ of habeas corpus.[1] The petitioner argued that the Criminal Sentencing Reform Act of 1982 and the habitual criminal statute under which he was sentenced to life imprisonment were unconstitutional as applied to him. The trial court denied the petition without a hearing. The petitioner now appeals the denial of his petition for writ of habeas corpus.

## II. Analysis

When reviewing a petition for habeas corpus relief, the determination of whether relief should be granted is a question of law subject to de novo review with no presumption of correctness. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). The burden is on the petitioner to demonstrate by a preponderance of the evidence that he is entitled to relief. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. However, Tennessee law provides narrow grounds upon which such relief may be granted. McLaney, 59 S.W.3d at 92. In Tennessee, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). In other words, habeas corpus relief will be granted "only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." Id. (citing Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)); see also State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). A trial court may summarily dismiss a petition for writ of habeas corpus without a hearing or the appointment of counsel if the petitioner fails to show that he is entitled to relief. Tenn. Code Ann. § 29-21-109 (2000); see also McLaney, 59 S.W.3d at 93.

On appeal, the petitioner argues that the Criminal Sentencing Reform Act of 1982 and the habitual criminal statute, as applied in the instant case, violated his right to equal protection under the Tennessee and United States Constitutions. See Tenn. Code Ann. §§ 39-1-801, et seq. (1982) (repealed 1989), 40-35-101, et seq. (1982). Specifically, the petitioner asserts that the prior convictions upon which his classification as an habitual criminal was based could have also

---

[1]The petitioner is currently incarcerated at the Riverbend Maximum Security Prison in Nashville; therefore, by filing the instant petition in the Davidson County Circuit Court, the petitioner complied with the requirements of Tennessee Code Annotated section 29-21-105 (2000), which provides that a petition for writ of habeas corpus be filed in the court "most convenient in point of distance to the applicant . . . ."

supported a classification as a persistent offender.[2]  The petitioner contends that, as a persistent offender, he would have received a maximum sentence of fifteen years as opposed to the life sentence he received as an habitual criminal.  He argues that there was "no substantial relation to public welfare which required [him] . . . to be given a life sentence."  He further argues that he was similarly situated to other defendants who were sentenced as persistent offenders under the 1982 law.  The petitioner claims that the sentencing statutes allowed for the selective and arbitrary application by the State.  The petitioner also claims that the Criminal Sentencing Reform Act of 1982 repealed by implication the habitual criminal statute, thereby depriving the trial court of the authority to enter judgment against the petitioner.[3]

We conclude that the petitioner's claims are without merit.  The courts of this state have repeatedly held that the habitual criminal statute did not violate the due process or equal protection provisions of the state or federal constitutions, nor did its imposition result in cruel and unusual punishment.  Glasscock v. State, 570 S.W.2d 354, 355 (Tenn. Crim. App. 1978); see also State v. Russell, 866 S.W.2d 578, 580-81 (Tenn. Crim. App. 1991).  Moreover, this court has previously observed that "the fact that the [habitual criminal] statute allows prosecutorial selectivity in its applications creates no constitutional infringement."  State v. Jackson, 697 S.W.2d 366, 373 (Tenn. Crim. App. 1985) (citing Janow v. State, 567 S.W.2d 483 (Tenn. Crim. App. 1978)); see also Marsh

---

[2]Tennessee Code Annotated section 39-1-801 (1982) (repealed 1989) provided,

> Any person who has either been three (3) times convicted within this state of felonies, not less than two (2) of which are among those specified in §§ 39-2-103, 39-605 [repealed], 39-2-111, 39-2-112, 39-2-640, 39-6-417(a)(1)(A), 40-20-112 or were for a crime punishable by death under existing law, but for which the death penalty was not inflicted, or who has been three (3) times convicted under the laws of any other state, government or country of crimes, not less than two (2) of which, if they had been committed in this state, would have been among those [previously] specified . . . shall be considered, for the purposes of this part, and is declared to be an habitual criminal . . . .

Tennessee Code Annotated section 40-35-106(a) (1982) provided that a persistent offender is a defendant who has received:

> (1)    Two (2) or more prior felony convictions for offenses committed within five (5) years immediately preceding the commission of the instant offense; or
>
> (2)    Four (4) or more prior felony convictions for offenses committed within ten (10) years immediately preceding the commission of the instant offense.

[3]On appeal, the petitioner also argues that the motion to dismiss filed by the State in the trial court failed to comply with the requirements of Rule 7.02(1) of the Tennessee Rules of Civil Procedure, which provides that a motion "shall state with particularity the grounds therefor, and shall set forth the relief or order sought."  The petitioner contends that the State's motion to dismiss contained nothing more than conclusory statements that the petitioner's sentence had not yet expired and that the judgment was not void on its face.  However, these statements, if true, would support the dismissal of a petition for writ of habeas corpus.  Accordingly, we conclude that the State's motion to dismiss complied with Rule 7.02(1).

v. State, 561 S.W.2d 767, 771 (Tenn. Crim. App. 1977). Regarding the petitioner's claim that the Criminal Sentencing Reform Act of 1982 repealed by implication the habitual criminal statute, we note that the 1982 Act expressly provided that "[n]othing herein shall prohibit the operation of the habitual criminal act, provided that if the defendant is acquitted of being an habitual criminal, the court shall conduct a sentencing hearing on the underlying felony as provided in this chapter." Tenn. Code Ann. § 40-35-203(d) (1982). Because the petitioner has failed to demonstrate that he was entitled to habeas corpus relief, we conclude that the trial court committed no error in summarily dismissing his petition.

### III. Conclusion

Accordingly, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE

-4-