# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 28, 2004

## JAMES MARVIN MARTIN v. STATE OF TENNESSEE

### Direct Appeal from the Criminal Court for Knox County
### No. 77512    Richard Baumgartner, Judge

---

### No. E2004-00740-CCA-R3-PC - Filed October 11, 2004

---

The petitioner, James Marvin Martin, appeals the denial of his petition for post-conviction relief, arguing that the post-conviction court erred in finding that his claim was beyond the statute of limitations. After careful review, we affirm the denial of the petition.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

Liddell Kirk, Knoxville, Tennessee, for the appellant, James Marvin Martin.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; and Philip H. Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Facts and Procedural History

In 1989, the petitioner was convicted of two counts of aggravated kidnapping and two counts of armed robbery. A sentence of life in prison was imposed pursuant to the Habitual Criminal Act. In 1990, this Court reversed the petitioner's two kidnapping convictions, holding that they were incidental to the robberies, but otherwise upheld the remaining convictions and sentences. State v. James Marvin Martin, C.C.A. No. 1301, 1990 Tenn. Crim. App. LEXIS 482 (Tenn. Crim. App., at Knoxville, July 24, 1990), perm. app. granted (Tenn. 1990). The Tennessee Supreme Court affirmed the holding on September 23, 1991. State v. Anthony, 817 S.W.2d 299 (Tenn. 1991).

On June 23, 2003, the petitioner filed a *pro se* petition for post-conviction relief, averring that he should be excused from the applicable statute of limitations, which had at that time expired, and requesting that counsel be appointed to him. On July 25, 2003, the court appointed counsel to the petitioner and an amended petition was filed, alleging a denial of due process and

ineffective assistance of counsel for failure to challenge the imposition of habitual criminal status following the dismissal of the aggravated kidnapping convictions.

The direct appeal opinion recites a succinct summary of the facts underlying the conviction:

> On the noon hour of February 24, 1986, Anna Marie Johnson observed appellant standing on the street looking in the McMillan Insurance office located at 3905 Asheville Highway in Knoxville. The witness, from her office window, watched as appellant pulled a pistol from his coat and entered the insurance office. C.H. McMillan, Sr. testified that he was on the phone when appellant approached him with a drawn gun. The appellant proceeded to rob McMillan and his secretary, Ruth Needham, of $41.00 and $151.00, respectively. As the appellant was leaving, he ordered both into the rest room. Upon entering the room, Mr. McMillan closed and locked the door. The robber then left, and Mr. McMillan crept out and observed the appellant entering his automobile. Mr. McMillan identified the appellant as the robber at both a photo lineup and at the trial. It was further stipulated at the trial that the car described by Mr. McMillan belonged to appellant.

James Marvin Martin, 1990 Tenn. Crim. App. LEXIS 482, at *2.

The post-conviction court held a hearing on March 11, 2004, in which the petitioner was the only witness. The petitioner testified that, following his sentencing, trial counsel told him that she would be unable to conduct his appeal because she would be leaving town and suggested that he retain new counsel for the appeal. The petitioner stated that trial counsel did, however, remain as counsel of record and filed the appeal on his behalf, unbeknownst to him.

The petitioner testified that he was unable to reach trial counsel during this time and, unaware of the reversal of his kidnapping convictions, allowed the time for filing his post-conviction petition to expire. He stated that thirteen years after the appeal was filed, he discovered from a fellow inmate that his kidnapping convictions had been reversed and thereafter filed his *pro se* petition for post-conviction relief. Because he was unaware of the disposition of the appeal or even that it had concluded, the petitioner avers that he had no reasonable opportunity to file a petition for post-conviction relief and, thus, he should be excused from the statute of limitations.

On cross-examination, the petitioner stated that he was aware of his ability to file a post-conviction petition immediately after his trial. Moreover, the petitioner admitted that he requested his records from the clerk's office in 1992, arguably for the purposes of initiating further proceedings, yet he never filed a post-conviction petition until June 2003. Finally, he admitted that he took no action to follow up on the appeal himself or to retain new counsel, even though trial counsel recommended that he do so.

At the conclusion of the hearing, the post-conviction court dismissed the petition, finding that it was filed beyond the applicable statute of limitations and that the allegation that the claims were later arising was without merit. Specifically, the court found that, because the discovery

rule does not apply, the claim arose on September 23, 1991, the date of the last action of an appellate court, regardless of the petitioner's knowledge of the claim's existence. Bearing this in mind, the court found that where there was no later arising claim, there was no need to proceed to the balancing test found in Sands for a further determination of whether the petitioner should be able to proceed with his claim. Thereafter, the petitioner filed a timely appeal to this court.

**ANALYSIS**

The petitioner contends that the statute of limitations on his post-conviction petition should be tolled because his due process rights were violated; specifically, the petitioner avers that because he was unaware of the disposition of his appeal, or even that it had concluded, he was denied any reasonable opportunity to file for post-conviction relief within the limitations period. Our supreme court has held that, under some circumstances, constitutional due process requires that the statutory limitations period for requesting post-conviction relief not be strictly applied. See Sands v. State, 903 S.W.2d 297 (Tenn. 1995); Burford v. State, 845 S.W.2d 204 (Tenn. 1992). Succinctly stated, the test is whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined. Burford, 845 S.W.2d at 208. To aid in this determination, a three-step test was formulated in Sands to apply the Burford rule to specific fact situations; this test was employed by the post-conviction court in the instant matter and is instructive in this appeal. Under this test, the court should determine: 1) when the limitations period would normally have begun to run; 2) whether the grounds for relief actually arose after the limitations period would normally have commenced; and 3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. Sands, 903 S.W.2d at 301.

Beginning with the first step, the post-conviction court properly found that the limitations period began to run on September 23, 1991, the date of the final action of the highest appellate court to which an appeal was taken. The limitations period would thus expire three years from that date, on September 23, 1994.[1]

The second step is to determine whether the claim actually arose after the limitations period would have commenced. The post-conviction court found that there was not a later-arising claim because the petitioner's claim arose on September 23, 1991, regardless of the petitioner's knowledge on that date that the claim existed. The post-conviction court found that, "We do not operate under a discovery rule theory. His claim arose on September 23rd, 1991." We agree with the finding of the post-conviction court.

This Court has held that the post-conviction statute of limitations does not include an explicit or implicit discovery rule. Passarella v. State, 891 S.W.2d 619, 624-25 (Tenn. Crim. App., July 28, 1994) (citing Darrell Eugene Warren v. State, No. 03C01-9210-CR-00372, 1993

---

[1] In 1995, the statute of limitations for post-convictions petitions was shortened to one (1) year from the date of the final action of the highest appellate court to which an appeal was taken; the effective date of the new act was May 10, 1995. However, because the time for the petitioner's post-conviction petition had expired prior to the effective date of the amendment, his claim is unaffected by its enactment.

Tenn. Crim. App. LEXIS 577, at *3 (Tenn. Crim. App., at Knoxville, Aug. 17, 1993), perm. app. denied (Tenn. 1994)).  In Warren v. State, the petitioner contended that the statute of limitations should have tolled until he learned that certain constitutional violations had occurred; in effect, the petitioner tried to "superimpose a discovery rule over the post-conviction statute of limitations."  Warren, 1993 Tenn. Crim. App. LEXIS 577, at *3-4.  This Court rejected the petitioner's contention and held that a discovery rule cannot be engrafted upon the statute of limitations, which is wholly statutory and unambiguous in its accrual. Id. at *4; see also Monroe Brown v. State, No. 01-C-01-9112-CR-00367, 1992 Tenn. Crim. App. LEXIS 659 (Tenn. Crim. App., at Nashville, Aug. 6, 1992).

In the instant case, the petitioner's claim arose on the date of the final action of the highest appellate court in which an appeal was taken.  This is the date from which the statute is to run, and it cannot be altered merely because the petitioner failed to inquire as to the status of his case and failed to take any action in pursuance of post-conviction relief within the statutory period.  Therefore, the claim is not "later arising," and there is no need to proceed to the balancing test described in step three.

Due process is not implicated because the petitioner had reasonable opportunity to have his claim heard.  The petitioner testified that he knew of his ability to file a post-conviction relief petition in 1990 and even spoke with other inmates about filing a post-conviction petition, yet he failed to do so within the statutory period.  Moreover, he requested records from the clerk's office in 1992 for the purpose of initiating further proceedings, yet he never took any other action until June 2003.  Finally, the appeals were a matter of public record, thus any information he desired about the status of his case would have been easily obtainable.  Therefore, we agree with the reasoning of the post-conviction court and affirm the denial of the petitioner's post-conviction petition as it is time barred.

Even if the claim were not time barred, it is without merit.  Post-conviction proceedings may not be used to raise and relitigate issues decided and disposed of on direct appeal.  See, e.g., State v. Wright, 475 S.W.2d 546 (Tenn. 1972); Long v. State, 510 S.W.2d 83 (Tenn. Crim. App. 1974).  The petitioner averred that his trial counsel was ineffective in failing to challenge his habitual offender status when his kidnapping convictions were overturned.  However, this Court explicitly stated in its direct appeal that,

> The armed robbery cases were the triggering offenses sustaining the jury verdict finding appellant in both instances to be a habitual offender . . . . There is more than sufficient evidence to sustain appellant's two convictions of armed robbery and its enhanced punishment for being an habitual offender to confinement for life.  Thus, the appellant's two convictions for armed robbery and confinement as an habitual criminal for two concurrent life sentences are affirmed.

James Marvin Martin, 1990 Tenn. Crim. App. LEXIS 482, at *3 and *5.

Therefore, this Court determined that the reversal of the aggravated kidnapping charges had no bearing on the petitioner's status as a habitual offender. Thus, the petitioner's allegations against his trial counsel were not cognizable in a post-conviction proceeding.

## Conclusion

Based on the foregoing and the record as a whole, the post-conviction court's dismissal of the petition is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE